# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA

V.

RICHARD DAVID TALLEY

**AMENDED** JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number: DNCW299CR000029-001
                  DNCW210cr000001-001
USM Number: 15330-058

<u>Fredilyn Sison</u>
Defendant's Attorney

**THE DEFENDANT:**

X      admitted guilt to violation of condition(s) <u>1 (as to each of case number 2:99cr29-1 and 2:10cr1-1)</u> of the term of supervision.

&#95;&#95;     Was found in violation of condition(s) count(s) \_\_\_\_\_ After denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following violations(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 (2:99cr29-1) | Drug/Alcohol Use | 7/19/2010 |
| 1 (2:10cr1-1) | Drug/Alcohol Use | 7/19/2010 |

      The Defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

&#95;&#95;     The Defendant has not violated condition(s) \_\_\_\_\_ And is discharged as such to such violation(s) condition.

      **IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 12/9/2010

Signed: January 27, 2011

Martin Reidinger
United States District Judge

Amended to Correct Imposition of Sentence Date

Defendant: RICHARD DAVID TALLEY

Case Number: DNCW299CR000029-001
DNCW210CR000001-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>one (1) day</u>.

___     The Court makes the following recommendations to the Bureau of Prisons:

_X_     The Defendant is remanded to the custody of the United States Marshal.

___     The Defendant shall surrender to the United States Marshal for this District:

         ___     As notified by the United States Marshal.

         ___     At___a.m. / p.m. on ___.

___     The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

         ___     As notified by the United States Marshal.

         ___     Before 2 p.m. on ___.

         ___     As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>three (3) years as to 2:10cr1 and four (4) years as to 2:99cr29-1, all such terms to be served concurrently.</u>

___    The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1.    The defendant shall not commit another federal, state, or local crime.
2.    The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3.    The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court.
4.    The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5.    The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6.    The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7.    The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8.    A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10.   The defendant shall support his or her dependents and meet other family responsibilities.
11.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12.   The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13.   The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14.   The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17.   The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant.  The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19.   The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22.   If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23.   If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24.   The defendant shall cooperate in the collection of DNA as directed by the probation officer.
25.   The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

ADDITIONAL CONDITIONS:

26.   Throughout the period of supervision the probation officer shall monitor the defendant's economic circumstances and shall report to the court, with recommendations as warranted, any material changes that affect the defendant's ability to pay any court ordered penalties.
27.   The defendant shall be placed on home detention with location monitoring technology for a period of 6 (six) months, to commence as soon as practicable. During this time, the defendant is restricted to the defendant's place of residence at all times except for employment; education; religious services;   medical, substance abuse or mental health treatment; attorney visits; court appearances; court ordered obligations; or other activities pre-approved by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

Defendant: RICHARD DAVID TALLEY

Case Number: DNCW299CR000029-001
                DNCW210CR000001-001

28.     The defendant is to pay the cost of the location monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction. Changes to the established rate can be made by the probation officer subject to supervisory approval.

29.     The defendant shall receive inpatient substance abuse treatment to be arranged at the discretion of the probation officer. Any time spent in location monitoring shall be made in accordance with the probation officer's direction.

30.     The defendant shall perform 40 hours of community service at the direction of the probation officer.

Defendant: RICHARD DAVID TALLEY
Case Number: DNCW299CR000029-001
                      DNCW210CR000001-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|:---:|:---:|:---:|
| $0.00 | $0.00 | $0.00 |

## FINE

      The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

<u>X</u>            The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

<u>X</u>            The interest requirement is waived.

___            The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

___            The defendant shall pay court appointed counsel fees.

___            The defendant shall pay $_____ Towards court appointed fees.

Defendant: RICHARD DAVID TALLEY                                    Judgment-Page 5 of 5
Case Number: DNCW299CR000029-001
            DNCW210CR000001-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    __     Lump sum payment of $ _____ Due immediately, balance due

       __     Not later than _____ , or
       __     In accordance ___ (C), ___ (D) below; or

B    __     Payment to begin immediately (may be combined with ___ (C), ___ (D) below); or

C    X     Payment in equal __Monthly__ (E.g. weekly, monthly, quarterly) installments of $ __50.00__ To
               commence __60__ (E.g. 30 or 60 days) after the date of this judgment; or

D    __     Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To
               commence _____ (E.g. 30 or 60 days) after release from imprisonment to a term of
               supervision. In the event the entire amount of criminal monetary penalties imposed is not paid
               prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the
               amount due, and may request the court to establish or modify a payment schedule if appropriate
               18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__     The defendant shall pay the cost of prosecution.
__     The defendant shall pay the following court costs:
__     The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 309 U.S. Courthouse, 100 Otis Street, Asheville, NC, 28801, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.